577 F.2d 461
 Richard HOPEWELL, Appellant,
v.
KOSER SUPPLY COMPANY, Appellee.
 No. 77-1909.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1978.
Decided June 19, 1978.
 
 John E. Burke, Sioux Falls, S.D., Richard Hopewell, pro se, and Linda Lea M. Miller, Sioux Falls, S.D., on brief, for appellant.
 Appellee did not file brief and no appearance form was filed.
 Before LAY, BRIGHT, and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal arises from the bankruptcy of John Michael Kerrey and Carole Lee Kerrey, d/b/a King's Food Hosts and King's Colony. In a court-approved sale in 1975, appellant Richard Hopewell purchased certain real property that was owned by the Kerreys but was subject to a mechanic's lien by Koser Supply Company (Koser).
 
 
 2
 On February 11, 1977, the bankruptcy judge for the District of South Dakota filed an order that had been executed October 18, 1976. The order contained two distinct provisions: (1) that Koser would be permitted to file an unsecured proof of claim that would not be disallowed for lateness, and (2) that the mechanic's lien would be cancelled.[1] The parties had agreed to this two-part "equitable" solution at a conference of counsel at which counsel for Koser had suggested cancellation of its mechanic's lien claim so it could retroactively acquire the status of general creditor. Upon request by Hopewell, the bankruptcy judge added the following language to release the mechanic's lien against the property:
 
 
 3
 ORDERED that as to that certain mechanics lien, dated the 12th day of August, 1974, which was filed in the office of the Register of Deeds of Minnehaha County, South Dakota, on the 28th day of August, 1974, in the amount of $1,816.73, upon the following described real property:Lot 1 in Block 1 of Wallner's Addition to Sioux Falls, Minnehaha County, South Dakota, according to the recorded plat thereof,
 
 
 4
 by Koser Supply Company, lien claimant, and against Haugen Heating & Air Conditioning, record owners of said property being John M. Kerrey and Carole L. Kerrey, that the Register of Deeds of Minnehaha County, South Dakota, be and he hereby is ordered and directed to cancel and release the same of record.
 
 
 5
 On March 31, 1977, the bankruptcy judge executed an amended order that merely corrected the property description contained in the order of February 11.[2] The amended order was filed on April 4. Ten days later, Koser took an appeal to the district court, reciting as one of its four issues that the bankruptcy judge erred in ordering the Register of Deeds of Minnehaha County to discharge the mechanic's lien. Koser also asserted the validity of the lien as against Richfield Bank, the title owner of the real estate at the time the mechanic's lien was filed.
 
 
 6
 On appeal, the district judge sustained Koser's appeal, concluding:
 
 
 7
 That the Bankruptcy Court lacked jurisdiction to determine the validity of Koser Supply Company's Mechanic's Lien as that Mechanic's Lien affected the interest of Richfield Bank & Trust Company.
 
 
 8
 That the Order of the Bankruptcy Judge dated October 18, 1976, and amended by an Amended Order dated March 31, 1977, should be reversed insofar as it orders and directs the Register of Deeds of Minnehaha County, South Dakota, to cancel and release the Mechanic's Lien of Koser Supply Company dated August 12, 1974, and filed in the office of the Register of Deeds of Minnehaha County, South Dakota, on August 28, 1974.
 
 
 9
 The district court rejected a challenge to the timeliness of the appeal, stating:
 
 
 10
 That the Bankruptcy Judge's Order dated October 18, 1976, and amended March 31, 1977, which Amended Order was filed on April 4, 1977, did not become final since Koser Supply Company's Notice of Appeal was filed within ten (10) days from the date of the filing of the Amended Order.
 
 
 11
 Hopewell raises two issues on appeal. First, he challenges the timeliness of Koser's appeal to the district court. We hold that the appeal was not timely. Second, Hopewell challenges the jurisdiction of the bankruptcy judge to enter the order in question. Because the appeal to the district court was untimely, we do not reach this issue.
 
 
 12
 A party aggrieved by an order of a bankruptcy judge must appeal within ten days after the order is entered. If no appeal is filed within ten days, the order becomes final. 11 U.S.C. § 67(c) (1976).[3] Koser appealed the ruling regarding the mechanic's lien, a ruling that was contained in the order filed February 11. Koser was therefore obligated to appeal within ten days after February 11. When it did not, the order became final.
 
 
 13
 We are satisfied that Koser did not make a mere technical error in failing to appeal earlier. The record discloses that the decision of the bankruptcy judge represented a compromise of a claim to adjust the rights of all parties and that neither the parties nor their attorneys voiced any objection to the procedure. In essence, Koser recognized the questionable validity of its mechanic's lien and sought the status of a general creditor on a "retroactive" basis. The bankruptcy judge sought to do equity. The attorneys seemed to agree that fairness dictated that the creditor should be permitted to file an amended proof of claim to assert an unsecured claim against the bankrupt's estate without being time-barred. The record suggests that at the time the bankruptcy judge announced his ruling, all parties were satisfied; at least no attorney voiced any objections. The appeal appears to be an afterthought, taken many months after the bankruptcy judge had orally voiced his decision and had executed his first order in conformity therewith. Under these circumstances, we hold that the order filed February 11, 1977, was the order from which the appeal in this case was taken. When no appeal was taken within the prescribed ten-day time period, the order became final. See 11 U.S.C. § 67(c).
 
 
 14
 We accordingly reverse and remand this case to the district court for entry of an appropriate order vacating its judgment on the merits and dismissing the appeal to the district court as untimely.[4]
 
 
 
 [1]
 The order was a response to a motion by Koser asking bankruptcy court for
 an order clarifying its order approving sale of certain property dated November 24, 1975, or in the alternative, for its order that the Trustee release to Koser Supply Company the amount necessary to satisfy its secured claim as set forth in its Proof of Claim filed herein.
 
 
 [2]
 In the February 11 order, the bankruptcy judge used the property description contained in Koser's lien claim. That claim listed the property to be charged with the lien as Lot 1 in Block 1 of Wallner's Addition to Sioux Falls, Minnehaha County, South Dakota. This property and Lot 2 in Block 3 of South Ridge Addition were included in the premises sold to Hopewell by the trustee. Hopewell subsequently acquired Richfield Bank's interest in the property. The amended court order filed April 4, 1977, added the South Ridge Addition property to the description of the property contained in the first order but did not alter the ruling respecting the mechanic's lien
 
 
 [3]
 Section 67(c) provides for an extension of time if a petition is filed within the ten-day period. No such petition was filed in the present case
 
 
 [4]
 Our decision does not amount to an affirmance of the order of the bankruptcy judge, for it relates only to the finality of the order filed February 11, 1977, for failure of Koser to timely appeal that order. Our opinion is not to be construed as either approving or disapproving the power of a bankruptcy judge to order a county officer, such as the register of deeds, who is not a party to an action, to cancel an instrument of record